**C/M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA STEIN, Plaintiff, | |
| - against - | **<u>ORDER</u>** |
| WORLD-WIDE PLUMBING SUPPLY INC., MOSHE WEISS (a/k/a MOSES WEISS, a/k/a MOSHE WEISZ), YOEL WEISS (a/k/a JOEL WEISS, a/k/a DAVID WEISS, a/k/a DAVID STERN, a/k/a JOE WEISS, a/k/a WIZTEL USA, INC.), PEARL WEISS, CHAIM LEFKOWITZ, SURI LEFKOWITZ (a/k/a SARAH WEISS LEFKOWITZ), GEDALIA DANIEL KATZ (a/k/a DANIEL KATZ), BARUCH WEISS, SIRKI EHRMAN (a/k/a SIRKY EHRMAN, a/k/a SIRKA WEISS EHRMAN), RUCHIE WEISS (a/k/a RACHEL GOLDA WEISS), ABRAHAM BERGER (a/k/a ABE BERGER), BURTOLUCCI'S RISTORANTE, LLC, BERTOLUCCI'S CATERING CORP., AND JOHN DOES NOS. 1-5, Defendants. | 13 Civ. 6795 (BMC)(JO) |

This Court entered an Order on December 22, 2015, warning plaintiff *pro se* that if she continued to fail to meet her discovery obligations in this case and to ignore the case, it would be dismissed for failure to prosecute. That Order was based Magistrate Judge Orenstein's prior warning to her to the same effect on November 10, 2015. No activity on plaintiff's part has occurred since the entry of these Orders.

The Second Circuit has identified several non-exclusive factors that a district court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal,

> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

All of the factors, and any other considerations of which I can conceive, weigh in favor of dismissal. The case has been pending for over two years with no progress made. Plaintiff has been on notice of her obligations as a *pro se* litigant since her attorneys were granted leave to withdraw nearly eight months ago and has taken no action. This case is a parallel proceeding to pending divorce proceedings in state court and possibly religious court as well, and using it as leverage without prosecution unfairly prejudices the participants in those proceedings. The Eastern District of New York is one of the most highly congested courts in the country. I can think of no lesser sanction that will induce plaintiff to prosecute the case as she has represented that she has limited means and she has been warned repeatedly that she must proceed with this case or it would be dismissed. And the only excuse for not proceeding that she has offered is that she is raising young children and working multiple jobs, but she has given no indication that her situation is going to materially change at any point in the reasonably foreseeable future.

Plaintiff raised very serious allegations in her complaint and the Court devoted

substantial effort to considering them seriously in the context of the motions to dismiss. But even serious allegations must be pursued; they cannot be allowed to remain no more than allegations for an indefinite future. The case is therefore dismissed for failure to prosecute.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
January 12, 2016